

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DUSTIN A. SMITH                            PLAINTIFF

VERSUS                          CIVIL ACTION NO.: 5:19cv48DCB-MTP

ADAMS COUNTY SHERIFF DEPARTMENT;
ADAMS COUNTY SHERIFF TRAVIS PATTEN; AND
ADAMS COUNTY CHIEF DEPUTY WAYNE RABB;
ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES    DEFENDANT

## COMPLAINT

COMES NOW, Plaintiff, Dustin A. Smith, by and through his attorney Benjamin U. Bowden of Vaughn & Bowden, PA, and files this his Complaint, and would show unto this honorable Court as follows, to wit:

### JURISDICTION AND VENUE

1. This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), *29 U.S.C. § 2601 et. seq.* This Court has jurisdiction of this action pursuant to *29 U.S.C. § 2617* and *28 U.S.C. § 1319*.

2. The claims asserted herein arose within this district and the alleged discrimination and damage occurred in this district. Venue of this action is proper pursuant to *29 U.S.C. § 2617* and *28 U.S.C. § 1319*.

### PARTIES

~1~

3. Dustin A. Smith, Plaintiff herein, and at all times, material hereto, was a citizen of the State of Mississippi, residing in Adams County, Natchez, Mississippi.

4. Defendant, Adams County Sheriff's Department, is a governmental entity of the State of Mississippi, which may be served with Summons and Complaint to Sheriff Travis Patten at 306 State Street, Natchez, Mississippi, 39120.

5. Defendant, Sheriff Travis Patten, is an adult resident citizen of Natchez, Adams County, Mississippi; who may be served with Summons and Complaint at 306 State Street, Natchez, Mississippi, 39120.

6. Chief Deputy Wayne Rabb is an adult resident citizen of Natchez, Adams County, Mississippi; who may be served with Summons and Complaint at 306 State Street, Natchez, Mississippi, 39120.

## BACKGROUND

7. At all times material hereto, Sheriff Travis Patten, Chief Deputy Wayne Rabb, and Sergeant Robbie Moore were acting in the course and scope of their duties with the Adams County Sheriff's Department and were acting as agents of the Adams County Sheriff's Department. Further, in acting as agents for Adams County Sheriff's Department and acting in the course and

scope of their employment with Adams County Sheriff's Department, Sheriff Patten, and Deputy Chief Rabb, interfered with and/or restrained Plaintiff's exercise of his rights under the Family Medical Leave Act (FMLA) and/or discriminated against and retaliated against Plaintiff for having exercised his rights under the FMLA. Further, Plaintiff asserts that once Plaintiff informed Deputy Chief Rabb that he intended to exercise his FMLA rights and provided the medical excuse justifying same, Deputy Chief Rabb immediately stated that when Sheriff Patten learned of Plaintiff's intention of taking FMLA leave, "he was not going to be happy." Further, the day after Plaintiff informed that he intended to exercise his FMLA rights, he was called to a meeting with Sheriff Travis Patten, Chief Deputy Wayne Rabb, Chief Deputy Jerry Brown, Major Billy Neely and Captain Buddy Frank to discuss the FMLA request. During that meeting Sheriff Patten asked, "what my (Plaintiff) problem was," "who told you (Plaintiff) about FMLA," "why I (Plaintiff) was going over the County's head seeking help." Sheriff Patten further asked Plaintiff, if he would like to know what everyone present in this office thought about him, and went on to state that everyone in the room believed that Plaintiff was "Jay-Westing" the Department. Sheriff Patten then accused Plaintiff of "milking

it" as much and as long as Plaintiff could. Captain Buddy Frank also asked Plaintiff who his now doctor was and, when informed, Captain Frank, immediately responded that he knew both the doctor and her husband, identifying the husband by name. Additionally, Sheriff Patten informed Plaintiff that he was going to make an appointment for Plaintiff to see the Sheriff's own personal doctor, Dr. Patricia Brawley. Sheriff Patten made an appointment with Dr. Brawley by phone during this meeting. Plaintiff was made to feel that he was required to see Sheriff Patten's doctor. Therefore, Plaintiff did attend one meeting with Dr. Brawley during which Dr. Brawley informed Plaintiff that she was Sheriff Patten's personal doctor as well as the doctor for Patten's children and family's doctor. This made Plaintiff feel extremely uncomfortable. A few days later Deputy Chief Rabb informed Plaintiff that Sheriff Patten made another appointment for Plaintiff to see Dr. Brawley, Patten's doctor. This made Plaintiff feel extremely uncomfortable. Therefore, Plaintiff later respectfully declined by text. Deputy Chief Rabb responded by stating that not going to Sheriff Patten's doctor was, "not an option." Subsequently, Plaintiff received a letter, delivered by Sergeant Robbie Moore, from Sheriff Patten stating that the Sheriff has made another non-negotiable appointment with Dr.

Brawley, the Sheriff's therapist. Plaintiff once again declined. Shortly thereafter, Sergeant Moore delivered a letter from Sheriff Patten stating that Plaintiff's employment was terminated for, "Disobeying a direct order."

8. Plaintiff asserts and alleges herein that Defendants, directly and/or through its agents, employees and representatives and failed to comply with the applicable statutes and regulations pursuant to the FMLA.

9. Plaintiff asserts and alleges that as a proximate result of Defendant's conduct, (1) Plaintiff's right to FMLA was interfered with; (2) Plaintiff was retaliated against by harassment and termination.

## DAMAGES

10. As a proximate cause of Defendant's conduct, Plaintiff was terminated from his job resulting in a loss of wages and benefits, and Plaintiff has suffered medical/mental injuries/damages and has expended funds in the form of medical and/or mental treatment expenses. Plaintiff has been unemployed and has and will continue to suffer loss of wages and benefits. These damages, expenditures and costs are consistent with these recoverable for violation of the FMLA.

11. As a result of Plaintiff's wrongful termination, Plaintiff has incurred, and is now incurring, a loss of wages and benefits, medical/psychological

expenses, all within the meaning of FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial. These costs include, without limitation, lost wages and medical/psychological expenses, back pay from effective date of termination, including lost of employment benefits, medical/psychological expenses, loss of front pay as of the date of this Complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. Plaintiff also will incur attorney's fees for which he seeks recovery herein. Additionally, Plaintiff alleges that Defendant did not act in good faith and, therefore, Plaintiff herein is entitled to recover liquidated damages allowable under the FMLA.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays for judgment against Defendant as follows: lost wages, lost front pay, lost back pay, lost employment benefits, medical/psychological expenses, liquidated damages, interest and attorney's fees and costs of litigation.

RESPECTFULLY SUBMITTED, this the 30th day of May, 2019.

DUSTIN A. SMITH,
PLAINTIFF

BY: _____
BENJAMIN U. BOWDEN (MSB 3733)

VAUGHN & BOWDEN, PA
1311 Spring Street, Suite A
Gulfport, Mississippi 39507
Telephone: (228) 896-5652
Facsimile: (228) 896-5689
Email: bowden@vaughnbowden.com
Email: srodgers@vaughnbowden.com
*Attorney for Plaintiff*